UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BRYCE LEE BOUTIN,

    Petitioner,

v.                                                  Case No: 5:21-cv-579-WFJ-PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____/

**ORDER**

THIS CAUSE is before the Court on Petitioner Bryce Lee Boutin's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (Doc. 1). Petitioner, an inmate of the Florida penal system, is challenging his state court (Citrus County, Florida) judgment of conviction for second degree murder. *Id*. at 1; *see also State v. Boutin*, No. 2013-CF-430 (Fla. 5th Cir. Ct.).

In 2020, this Court adjudicated Petitioner's federal habeas claims challenging that conviction. *See Boutin v. Sec'y, Fla. Dep't of Corr.*, No. 5:17-cv-221-BJD-PRL (M.D. Fla. June 16, 2020) (Doc. 14). Thereafter, the Eleventh Circuit Court of Appeals denied Petitioner's certificate of appealability challenging this Court's adjudication. *See Boutin v. Sec'y, Fla. Dep't of Corr., et al.*, No. 20-12652-J (11th Cir. Dec. 14, 2020).

Because this Court has already adjudicated Petitioner's claims challenging this

conviction, this Court has no authority to consider the claims raised by Petitioner without prior authorization from the Eleventh Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) (requiring a petitioner to "move in the appropriate court of appeals for an order authorizing the district court to consider" the filing of "a second or successive application"); *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014) (finding that "[s]ubject to [certain] exceptions[,] . . . a district judge lacks jurisdiction to decide a second or successive petition filed without [the Eleventh Circuit's] authorization"). A review of the Eleventh Circuit's docket does not show that the Eleventh Circuit has granted Petitioner authorization to file a second or successive habeas petition. Therefore, this case will be dismissed without prejudice to Petitioner's right to file a new petition if he obtains the required authorization from the Eleventh Circuit.

It is now **ORDERED** and **ADJUDGED**:

1. This case is **DISMISSED without prejudice**.
2. The **Clerk of Court** is directed to terminate any pending motions, close this case, and enter judgment accordingly.

3. If Petitioner appeals the dismissal of the case, the Court denies a certificate of appealability.[1] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The **Clerk** shall send Petitioner an Application for Leave to File a Second or Successive Habeas Corpus Petition. If he desires to file a second or successive habeas petition in this Court, he must complete the application and file it in the Eleventh Circuit Court of Appeals which will decide whether to allow it.

**DONE** and **ORDERED** in Tampa, Florida on January 20th 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies to:
Petitioner Boutin, *pro se*

---

[1] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, a certificate of appealability is not warranted.